United States District Court
Central District of California

**JS-3**

| UNITED STATES OF AMERICA vs. | Docket No. | CR10-01031(A)-AHM |
|---|---|---|

| Defendant | Angela Maria Gomez Aguilar | Social Security No. __  __  __  __ |
|---|---|---|
| akas: | Unknown | (Last 4 digits) |

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| June | 3 | 2011 |

**COUNSEL**  Stephen Larson, Rtnd.
(Name of Counsel)

**PLEA**  ☐ GUILTY, and the court being satisfied that there is a factual basis for the plea.  ☐ NOLO CONTENDERE  ☐ NOT GUILTY

**FINDING**  There being a finding/verdict of **GUILTY**, defendant has been convicted as charged of the offense(s) of:

**Conspiracy to Launder Monetary Instruments in violation of 18 U.S.C. § 1956(h) as charged in Count Seven of the First Superseding Indictment.**

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

Time served. Upon release from imprisonment, the defendant shall be placed on Supervised Release for a term of three (3) years on Count Seven of First Superseding Indictment, under the following terms and conditions:

(1) The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 05-02, including, but not limited to, the condition that defendant shall not commit another federal, state or local crime;

(2) The defendant shall comply with the immigration rules and regulations of the United States, and if deported from this country, and shall voluntarily depart from this country within 48 hours of her release from custody, and shall not re-enter the United States illegally. The defendant is not required to report to the Probation Office while residing outside of the United States; however, within 48 hours of release from any custody or any reentry to the United States during the period of Court-ordered supervision, the defendant shall report for instructions to the United States Probation Office, located at the United States Court House, 312 North Spring Street, Room 600, Los Angeles, California 90012; and

USA vs. __Angela Maria Gomez-Aguilar__                              Docket No.: __CR10-01031(A)-AHM__

(3)  The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name; nor shall the defendant use, for any purpose or in any manner, any name other than his/her true legal name or names without the prior written approval of the Probation Officer.

See the attached Revised Post-Trial Agreement and Stipulation with Respect to Post-Trial Motions, Sentencing, Waiver of Appeal, Collateral Attack, and Forfeiture for additional terms and condition of this sentence.

Defendant's sentence includes the personal money judgment entered on June 3, 2011, in this matter.

The charge in Count Eight of the First Superseding Indictment is discharged.

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately.

Pursuant to Section 5E1.2(e) of the Guidelines, all fines are waived as it is found that the defendant does not have the ability to pay a fine.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| June 3, 2011 | _[signature]_ |
|---|---|
| Date | U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| June 3, 2011 | By | Stephen Montes |
|---|---|---|
| Filed Date | | Deputy Clerk |

| USA vs. Angela Maria Gomez-Aguilar | Docket No.: CR10-01031(A)-AHM |
|---|---|

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

USA vs. **Angela Maria Gomez-Aguilar**              Docket No.:   CR10-01031(A)-AHM

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
  at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____
_____                     _____
Date                                      Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court
By

USA vs. **Angela Maria Gomez-Aguilar**  Docket No.: CR10-01031(A)-AHM

_____  _____
Filed Date    Deputy Clerk

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    _____
          Defendant              Date

_____              _____
U. S. Probation Officer/Designated Witness    Date

```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    DOUGLAS M. MILLER (SBN: 240398)
 4  Assistant United States Attorney
    NICOLA J. MRAZEK
 5  JEFFREY A. GOLDBERG
    Senior Trial Attorneys
 6       1300 United States Courthouse
         312 North Spring Street
 7       Los Angeles, California 90012
         Telephone:  (213) 894-2216
 8       Facsimile:  (213) 894-6436
         Email: douglas.m.miller@usdoj.gov
 9
    Attorneys for Plaintiff
10  UNITED STATES OF AMERICA
```

FILED
CLERK, U.S. DISTRICT COURT
JUN - 3 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. 10-1031(A)-AHM |
|---|---|
| Plaintiff, | ) **Revised** |
| | ) <u>POST-TRIAL AGREEMENT AND</u> |
| v. | ) <u>STIPULATION WITH RESPECT TO POST-</u> |
| | ) <u>TRIAL MOTIONS, SENTENCING, WAIVER</u> |
| ANGELA MARIA GOMEZ AGUILAR, | ) <u>OF APPEAL, COLLATERAL ATTACK, AND</u> |
| | ) <u>FORFEITURE</u> |
| Defendant. | ) |

PARTIES TO THE AGREEMENT

1.  This is an agreement entered into by ANGELA MARIA GOMEZ AGUILAR ("defendant"), the United States Department of Justice, Criminal Division, Fraud Section, and the United States Attorney for the Central District of California (collectively, "the USAO") for purposes of resolving all remaining issues relating to the disposition of the above-captioned case against defendant, including, without limitation, the following: (1) the pending Motion for Judge of Acquittal filed by defendant pursuant to

Federal Rule of Criminal Procedure 29 (CR #524); (2) the imposition of sentence on the charge of conspiracy to launder monetary instruments of which defendant has been convicted; (3) defendant's waiver of her rights to appeal and collaterally attack her conviction and sentence; and (4) defendant's waiver of her right to challenge the forfeiture action commenced against her assets both civilly and criminally. This Agreement is limited to the USAO and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

## THE CONVICTION

2. Defendant agrees that on May 10, 2011, following a 21-day jury trial, she was found guilty of the offense charged in Count Seven of the First Superseding Indictment, which is on file in the above-captioned case, namely conspiring to launder monetary instruments, in violation of Title 18, United States Code, Section 1956(h).

3. Defendant further agrees that in order for her to have been found guilty of a violation of Title 18, United States Code, Section 1956(h), the jury found the following facts beyond a reasonable doubt: (1) beginning in or around 2002, and ending in or around March 2009, there was an agreement between two or more persons to commit at least one crime alleged in the money laundering conspiracy, namely violation of Title 18, United States Code, Sections 1956(a)(1)(B)(I) (Concealing Proceeds of Specified Unlawful Activity), 1956(a)(2)(A) (International Money Laundering to Promote a Specified Unlawful Activity), or 1957

2

1  (Transactions of More than $10,000 using Criminally Derived
2  Proceeds); and (2) defendant became a member of the conspiracy
3  knowing of its object and intending to help accomplish it.

## THE PENALTIES

4.  Defendant understands that the statutory maximum sentence that the Court can impose for her conviction under Title 18, United States Code, Section 1956(h) is: 20 years imprisonment; a three-year period of supervised release; a fine of $500,000 or twice the value of the property involved in the transaction, transportation, transmission, or transfer, whichever is greatest; and a mandatory special assessment of $100.

5.  Defendant understands that the Court may also order forfeiture of the property listed in the "NOTICE OF FORFEITURE II" of the first superseding indictment pursuant to 18 U.S.C. § 982 or substitute assets up to the value of that property.

6.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that, if she violates one or more of the conditions of any supervised release imposed, she may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.  Defendant understands that the sentence in this case may subject defendant to deportation or otherwise affect her immigration status. However, the Court cannot, and defendant's

3

attorney also may not be able to, advise defendant fully regarding all of the immigration consequences of this agreement. Defendant understands that any unexpected immigration consequences as a result of this agreement will not serve as grounds to withdraw from this agreement.

## STIPULATED SENTENCING FACTORS AND SENTENCE

8. Defendant understands that in determining defendant's sentence the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory only.

9. Defendant and the USAO agree to the following applicable sentencing guideline factors:

| | | |
|---|---|---|
| Base Offense Level : 8 | | [U.S.S.G. § 2S1.1(a)(2)] |
| Loss of More than $2,500,000 : 18 | | [U.S.S.G. 2B1.1(b)(1)(J)] |
| Minor Role : -3 | | [U.S.S.G. 3B1.2] |
| Total Offense Level : 23 | | |

10. The defendant and the USAO further agree that defendant has no known criminal history in the United States and thus defendant's criminal history category is I.

11. Defendant and the USAO further agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant sentencing guideline factors set forth above, an

4

appropriate disposition of this case is for the Court to impose a sentence of:

    (a) $100 special assessment;

    (b) a sentence of time served (a sentence below the low end of the applicable Sentencing Guidelines range based on the total offense level listed in paragraph 9 and the criminal history category agreed to by the parties in paragraph 10);

    (c) criminal forfeiture in the amount of ~~$5,922,110.00~~ $2,511,533.00; and

    (d) a three-year period of supervised release to follow release from imprisonment, which includes the following terms and conditions:

        (1) Defendant shall comply with the rules and regulations of the U.S. Probation Office and General Order 318, including, but not limited to, the condition that defendant shall not commit another federal, state or local crime;

        (2) Defendant shall comply with the immigration rules and regulations of the United States, and shall voluntarily depart from this country within 48 hours of her release from custody, and shall not re-enter the United States illegally. The defendant is not required to report to the Probation Office while residing outside of the United States; however, after 48 hours of release from any custody or upon any reentry to the United States during the period of Court-ordered supervision, the defendant shall report for instructions to the U.S. Probation Office; and

        (3) Defendant shall not obtain or possess any driver's license, Social security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, without the prior written approval of the Probation Officer; nor shall the defendant use, for any purpose or in any

manner, any name other than his/her true legal name.

12. The parties further agree that based on defendant's waiver of her right to contest forfeiture, as set out further in paragraph 17, defendant does not have the ability to pay a fine.

13. The parties further agree to recommend that the Court impose the sentence set forth above, and will not seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, departures, or variances in sentence pursuant to the Sentencing Guidelines and/or the factors set forth in 18 U.S.C. § 3553(a) be imposed, or that the Court impose a sentence other than what has been stipulated to by the parties herein.

## WAIVER OF PRESENTENCE REPORT

14. The parties request that defendant be sentenced as soon as possible after the parties have entered into this agreement. In order to accomplish immediate sentencing, the parties stipulate and agree that there is sufficient information in the record to enable the Court to exercise its sentencing authority meaningfully without a presentence investigation or report. To the extent defendant has a right to a presentence investigation and preparation of a presentence report, defendant hereby knowingly, voluntarily, and intelligently waives that right. The parties request that the Court find, pursuant to Federal Rule of Criminal Procedure 32(c)(1), that the information in the record, is sufficient to enable the Court to exercise its sentencing authority meaningfully without a more complete presentence

6

investigation and report. The parties understand and agree that, in the event that the Court declines to make this finding and instead orders that a more complete presentence investigation be conducted and/or a more complete presentence report prepared, it shall provide a basis for either party to withdraw from this agreement.

## WAIVER OF APPEAL AND POST-TRIAL RIGHTS

15. Defendant understands that, by entering into this Agreement, she is giving up the following rights, which she hereby waives without any reservation, limitation, or qualification:

(a) The right, to the extent not already waived, to file motions for a new trial in this case and to vacate or challenge the verdict of guilty that has been entered against her, including waiving her right to have the Court rule on the Motion for Judge of Acquittal filed by defendant on May 24, 2011, pursuant to Federal Rule of Criminal Procedure 29 (CR #524).

(b) The right to appeal her conviction and sentence, which appeal would allow her to raise objections to, for example, the fairness of the trial and whether the verdict against her is supported by sufficient evidence.

(c) The right to the assistance of counsel on direct appeal of her conviction and sentence, including, if defendant could not afford an attorney, the right to have the Court appoint one for defendant.

(d) Apart from any appeal, the right to file a

7

separate civil case collaterally attacking her conviction and sentence.

16. The defendant agrees that with respect to the charge referred to in paragraphs 2 and 3 she is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law.

## WAIVER OF FORFEITURE

17. By entering into this Agreement defendant agrees to the Court's entry of an order of forfeiture at or before sentencing with respect her interest in all funds in the Bluffview Securities, LP account ending in account number xx558, in the name of Grupo Internacional De Asesores S.A. (the "Bluffview Account") and further agrees:

a) That the contents of the Bluffview Account represent or are traceable to proceeds of the offense of which defendant was convicted, or were involved in such offense and are therefore subject to forfeiture to the government;

b) To take whatever steps are necessary to pass to the United States clear title to the Bluffview Account including without limitation, the execution of one or more consent judgments of forfeiture in a form and manner acceptable to the USAO and the completing of any other legal documents required for the transfer of title to the United States;

c) Not to contest any civil or criminal judicial forfeiture proceedings that may be commenced or pursued against the Bluffview Account pursuant to 18 U.S.C. §§ 981 or 982. With

8

respect to any criminal forfeiture ordered as a result of this agreement, defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment;

    d) Not to assist any other individual in any effort to contest the forfeiture of the assets described above;

    e) Not to claim that reasonable cause to seize the Bluffview Account was lacking;

    f) To prevent the transfer, sale, destruction, or loss of any interest in the Bluffview Account to the extent defendant has the ability to do so;

    g) That forfeiture of defendant's interest in the Bluffview Account described above shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose;

    h) To waive all constitutional and statutory challenges to forfeiture of the Bluffview Account on any grounds, including any statute of limitations and the Excessive Fines Clause;

    i) To the entry of a personal criminal forfeiture money judgment against defendant in the amount of $~~5,922,110.00~~ 2,511,573.00.[1]

//
//

---

[1] ~~Defendant will receive a credit against the amount of the money judgment equal to the total amount forfeited from the Bluffview Account.~~ upon forfeiture of all funds in the Bluffview Securities, LP account ending in account number xx 558, in the name of Grupo Internacional De Asesores, S.A.; Angela Maria Gomez Aguilar's obligations pursuant to this money judgment will be completely satisfied. [initialed; marginal note: "Translated into Spanish"]

BREACH OF AGREEMENT

18. If, at any time between the execution of this Agreement and her sentencing, defendant knowingly violates or fails to perform any of the agreements under this Agreement ("a breach"), the USAO may declare defendant to be in breach of this Agreement. If the USAO declares this Agreement breached, and the Court finds such a breach to have occurred, the USAO will be relieved of all of its obligations under this Agreement, but defendant will continue to be bound by the agreement.

COURT NOT A PARTY TO AGREEMENT

19. The Court is not a party to this Agreement and need not accept any of the parties' recommendations and/or stipulations set forth in this agreement, including, without limitation, the agreements regarding the sentencing factors and/or the waiver of a presentence report.

20. Except as specified in paragraph 14 above, defendant understands that if the Court ignores any of the parties' recommendations, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw from this agreement, and defendant will remain bound to all aspects of this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO OTHER AGREEMENTS

21. This Agreement sets forth the entire agreement between defendant and the USAO. Except as set forth herein, there are no promises, understandings, or agreements, written or oral, express or implied, between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding, or condition, including any modification of this Agreement, be entered into unless in a writing signed by all parties or on the record in open court.

EFFECTIVE DATE

22. This Agreement is effective upon signature by defendant, his counsel, and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney

_/s/ Douglas M. Miller_          6-2-11
DOUGLAS M. MILLER                Date
Assistant United States Attorney

_/s/ Angela M. Gomez_            6-2-11
ANGELA MARIA GOMEZ AGUILAR       Date
Defendant

_/s/ S. Larson_                  6-2-11
STEPHEN G. LARSON                Date
Attorney for Defendant
Angela Maria Gomez Aguilar

11

## CERTIFICATION OF DEFENDANT

This entire agreement has been read to me in Spanish, the language I understand best. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am entering into this agreement because I wish to take advantage of the provisions set forth in this agreement, and not for any other reason.

_Angela M Gomez_  6-02-2011
ANGELA MARIA GOMEZ AGUILAR           Date
Defendant

//
//

CERTIFICATION OF INTERPRETER

I, Virginia Dicono, am fluent in the written and spoken English and Spanish languages. I accurately translated this entire agreement from English into Spanish to defendant ANGELA MARIA GOMEZ AGUILAR on this date.

Virginia Dicono  /s/ Virginia Dicono   6-3-11
PRINT NAME:                            Date
Interpreter

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Angela Maria Gomez Aguilar's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; and my client's decision to enter into this agreement is an informed and voluntary one.

/s/ Larson                              6-3-11
STEPHEN G. LARSON                        Date
Attorney for Defendant
Angela Maria Gomez Aguilar

13